No. 16-1410

# United States Court of Appeals
# for the Federal Circuit

TINNUS ENTERPRISES, LLC and ZURU LTD.,

*Plaintiffs-Appellees,*

v.

TELEBRANDS CORP. and BED BATH & BEYOND INC.,

*Defendants-Appellants.*

*On Appeal from the United States District Court for the*
*Eastern District of Texas*

## EMERGENCY MOTION FOR STAY OF PRELIMINARY INJUNCTION PENDING APPEAL PURSUANT TO FED. CIR. RULE 8

**BOIES, SCHILLER & FLEXNER LLP**
333 Main Street
Armonk, NY 10504

5301 Wisconsin Avenue, NW
Washington, DC 20015

**COOPER & DUNHAM LLP**
30 Rockefeller Plaza
New York, NY 10112

# TABLE OF CONTENTS

Table Of Contents ................................................................................. i

Table Of Authorities ............................................................................ ii

Facts And Background ..........................................................................2

   I.   The Parties ....................................................................................2

   II.  Appellees Target Telebrands' Sales Of Balloon Bonanza. .............2

   III. The USPTO Finds That The '066 Patent More Likely Than Not Is Invalid. ..4

   IV. Appellees Seek To Apply The Order To The Non-Infringing Battle Balloons Products..................................................................................................5

Argument..............................................................................................6

   I.   The PGR Decision Demonstrates That Appellants Are Likely To Succeed On The Merits Of Their Appeal. ..............................................7

   II.  Equitable Considerations Weigh In Favor Of A Stay. ...................15

      A.  Telebrands Has Suffered And Will Continue To Suffer Irreparable Harm As A Result Of The Order. ..............................................15

      B.  Appellees Will Suffer No Injury If The Order Is Stayed. ...........20

      C.  The Public Interest Supports Entry Of The Stay........................20

Conclusion ..........................................................................................20

Statement Of Opposition......................................................................22

Certificate Of Interest For Telebrands Corp. .......................................23

Certificate Of Interest For Bed Bath & Beyond Inc. ............................25

Supporting Affidavits Here..................................................................26

Proof Of Service Pursuant To Fed. R. App. P. 25(D) ..........................26

# TABLE OF AUTHORITIES

**Cases**

*Allergan Sales Inc. v. Pharmacia & Upjohn Inc.*, 1997 WL 377983
(Fed. Cir. Feb 7, 1997)............................................................................6

*Amazon.com Inc. v. Barnesandnoble.com, Inc.*, 239 F. 3d 1343 (Fed. Cir. 2001)...7

*Douglas Dynamics, LLC v. Buyers Products Co.*,
717 F.3d 1336 (Fed. Cir. 2013) ..........................................................18

*E.I. DuPont de Nemours & Co. v. Petroleum Co.*,
835 F.2d 277 (Fed. Cir. 1987) ................................................. 6, 11, 15

*Entegris, Inc. v. Pall Corp.*, 490 F. 3d 1340 (Fed. Cir. 2007)...................................7

*EZ Gard Indus., Inc. v. XO Athletic Co.*, 2008 WL 1827490 (D. Minn. Apr. 23,
2008) *aff'd*, 302 F. App'x 920 (Fed. Cir. 2008)....................................18

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 535 U.S. 722, 733-34
(2002) ...................................................................................................17

*Hilton v. Braunskill*, 481 U.S. 770, 776, (1987) .........................................................6

*In re Schreiber*, 128 F.3d 1473, 1477-78 (Fed. Cir. 1997).......................................13

*MicroStrategy Inc. v. Bus. Objects, S.A.*, 429 F.3d 1344 (Fed. Cir. 2005) ............17

*Nutrition 21 v. United States*, 930 F. 2d 867 (Fed. Cir. 1991) .................................8

*Scientific Plastic Products, Inc. v. Biotage AB*,
766 F.3d 1355 (Fed. Cir. 2014)..............................................................14

*Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372 (Fed. Cir. 2009)..........8

*Qingdao Taifa Grp. Co., Ltd. v. United States*, 581 F.3d 1375 (Fed. Cir. 2009) ….7

*Yoon Ja Kim v. ConAgra Foods, Inc.*, 465 F.3d 1312 (Fed. Cir. 2006).................17

*Zuru Ltd. v. Telebrands Corp.*, Civil Action No. 2:15-cv-00548-CCC-JBC (D.N.J.)
....................................................................................................................2

**Statutes**

35 U.S.C. § 103 ................................................................................3, 4

35 U.S.C. § 112 ................................................................................3, 4

35 U.S.C. § 324(a) ..............................................................................11

35 U.S.C. § 325(b) ................................................................................6

**Rules**

Fed. R. Civ. P. 62(c) ............................................................................6

Appellants Telebrands and Bed Bath and Beyond move pursuant to Fed. Cir. Rule 8 for an emergency stay pending appeal of the December 22, 2015 preliminary injunction issued by the United States District Court for the Eastern District of Texas. The district court denied the requested stay on February 3, 2016. Appellants respectfully request this Court's immediate consideration of this emergency motion. Appellees Zuru and Tinnus are exploiting the injunction against Telebrands' now-discontinued water balloon products to persuade retailers not to buy Telebrands' redesigned, non-infringing water balloon products. Because consumers primarily purchase these products in the spring and summer, Telebrands will be shut out of the market and irreparably harmed if it does not *immediately* obtain retailers' purchase orders. Moreover, Appellees have moved for contempt of the preliminary injunction. Because the district court granted Appellee's motion for expedition, briefing on the motion for contempt will be completed February 12, 2016. (Declaration of Robert T. Maldonado ("Maldonado Decl."), Ex. 13.) The district court scheduled a hearing for next week, February 19, 2016, without regard for the fact that this Court is considering Appellants' mandamus petition to order transfer of the case to New Jersey. *In re Telebrands Corp.*, *et al.*, No. 16-106 (Fed. Cir.).

# FACTS AND BACKGROUND

## I.    The Parties

Telebrands is a leading developer and marketer of consumer products, including the now-discontinued product that was originally the subject of this lawsuit, "Balloon Bonanza." (Declaration of Bala Iyer ("Iyer Decl."), ¶ 3.) In the summer, 2014, Telebrands undertook steps to begin manufacturing, marketing and selling Balloon Bonanza, which allows individuals to fill many water balloons simultaneously. (*Id.*, ¶ 4.) Bed Bath, a Telebrands customer, has sold the Balloon Bonanza product. (*Id.*, ¶¶ 5.)

Appellee Zuru is a Chinese toy company that sells a competing product, "Bunch O Balloons." (*Id.*, ¶ 6.) Appellee Tinnus owns U.S. Patent No. 9,051,066, which allegedly covers the Bunch O Balloons product. (Maldonado Decl., Ex. 18.) An August 19, 2014 agreement made Zuru the exclusive licensee of the '066 patent. (*Id.* at Ex. 3, ¶ 3).)

## II.    Appellees Target Telebrands' Sales Of Balloon Bonanza.

Zuru and Tinnus filed the patent infringement action below on June 9, 2015. (*Id.* at Ex. 1). On June 18, 2015, Appellees moved for a preliminary injunction against the Balloon Bonanza product, contending that it literally infringed certain claims of the '066 patent. (*Id.* at Ex. 9.) They did not assert infringement under

the doctrine of equivalents, nor did they submit any evidence or argument on the issue of validity.  (*See generally id.*)

Four days later, Telebrands filed a Petition for Post-Grant Review of the '066 patent, supported by prior art references and declarations from three experts, with the Patent Trial and Appeal Board of the USPTO ("Board").  (*Id.*,Ex. 6.) Among other things, the PGR petition argued that: (1) claims 1-14 are indefinite; and (2) claims 1-4, 7-9, and 11-14 are obvious based on three prior art references – Cooper, Saggio and Lee.  (*Id.*, 19-28, 37-78.)

Shortly thereafter, Telebrands opposed the preliminary injunction motion on multiple grounds, including that there was a substantial question regarding validity, for the reasons presented in the PGR petition.  (*Id.* at Ex. 4, at 8-11.)  In addition to actually explaining the invalidity arguments, Appellants attached the PGR petition with all of its supporting evidence.  (*Id.*, Ex. 29-7, at ¶¶ 4-22.)

After a hearing at which Appellees presented no evidence or argument on invalidity, the Magistrate issued a Report and Recommendation, recommending that the motion for a preliminary injunction be granted.  (*Id.*, Exs. 7, 20.)  The R&R concluded that: (1) Appellees were likely to show infringement; (2) Appellants had not raised a substantial question that the claim term "substantially filled" was indefinite; and (3) Appellants had not raised a substantial question as to obviousness of claim 1 of the '066 patent based on the combination

3

of the three references. (*Id.,* Ex. 7 at 9, 11, 15).

The District Court adopted the R&R, and, on December 22, 2015, preliminarily enjoined the sale of the Balloon Bonanza product and any colorable imitations that infringe the '066 patent ("the Order"). (*Id.*, Ex. 9.) Appellants timely appealed to this Court. (*Id.* at Ex. 10.)

## III. USPTO Finds That The '066 Patent Is More Likely Than Not Invalid.

After the Order issued, the USPTO issued a decision on January 4, 2016, in which it instituted post-grant review of the '066 patent, finding all claims of the '066 patent more likely than not invalid. (*Id.*, Ex. 12.) The USPTO relied on the same evidence and arguments that the district court had rejected.

## IV. Appellants Seek An Emergency Stay of The Preliminary Injunction

On January 14, 2016, Appellants sought an emergency stay of the preliminary injunction pending appeal from the district court. (*Id.*, Ex. 11.) Appellants argued that they are likely to succeed on the merits of their appeal, based at least on the district court's clearly erroneous conclusion that Appellants did not demonstrate a substantial question as to validity of the '066 Patent. (*Id.,* at 6-8.) Appellants explained that the errors in the district court's conclusion were apparent in light of the contradictory conclusion reached by the Board in the PGR Decision, and pointed out the district court's specific errors. (*Id.*) On February 3, 2016, the Magistrate Judge denied Appellants' motion. (*Id.*, Ex. 15.) He did not

4

analyze the PGR Decision or identify any disagreement with its findings. Rather, the district court stated that (1) the PGR Decision is not a final decision as to validity of the '066 Patent; (2) the Appellants allegedly did not identify any error in the R&R; (3) a stay of the preliminary injunction is allegedly at odds with the letter and spirit of 35 U.S.C. § 325(b); and (4) Appellants allegedly did not demonstrate irreparable harm because they are no longer selling the enjoined product. (*Id.,* at 3-5.)   As explained below, each of these points is incorrect or irrelevant.

## V.   Appellees Seek To Stretch the Preliminary Injunction To Cover Telebrands New, Non-Infringing, Battle Balloons Products.

Before the District Court issued its Order, Telebrands developed two new products for filling multiple water balloons, "Battle Balloons" and "Battle Balloons Color Burst" (collectively, "Battle Balloons").  (Iyer Decl., ¶¶ 11-12.)   The new products have a stepped, helical housing design that is completely different from the flat cylindrical housing of Telebrands' Balloon Bonanza product and that avoids specific structural limitations of the housing recited in all claims of the '066 patent. (*See* Maldonado Decl., Ex. 16 ¶¶ 39-49.)

On December 16, 2015, Appellees filed a new Complaint in the Eastern District of Texas, alleging that the Battle Balloons products infringe the '066 patent.  (Maldonado Decl., Ex. 21.)   Two days later, they also sought leave to amend their Complaint in this action to make the identical allegation.  (*Id.*, Ex. 8.)

5

After waiting five weeks, Appellees filed an "emergency" motion for contempt, arguing that Telebrands' sale of the new Battle Balloons products allegedly violated the Order that is the subject of this appeal. (*Id.*, Ex. 13.) Over Appellants' objections, the district court ordered expedited briefing, with all briefs submitted by February 12, 2016. (*Id.*, Ex. 16). A hearing has been scheduled for next week on February 19, 2016 in Tyler, Texas. (*Id.,* Ex. 17.)

## ARGUMENT

"In considering whether to grant a stay pending appeal, the Court assesses a movant's chances for success on appeal and weigh[s] the equities as they affect the parties and the public." *E.I. DuPont de Nemours & Co. v. Petroleum Co.*, 835 F.2d 277, 278 (Fed. Cir. 1987). "To prevail, a movant must establish a strong likelihood of success on the merits or, failing that, nonetheless demonstrate a substantial case on the merits provided that the harm factors militate in its favor." *Allergan Sales Inc. v. Pharmacia & Upjohn Inc.*, 1997 WL 377983, *1 (Fed. Cir. Feb 7, 1997).[1]

---

[1] Appellees argued below that 35 U.S.C. § 325(b) prevents stays of preliminary injunctions during the pendency of PGR proceedings. The district court incorrectly agreed, finding, at a minimum, that the statute prevents it from "reconsidering" the preliminary injunction in deciding a motion to stay. (Maldonado Decl., Ex. 15, at 5.) But the statute merely prohibits a court from staying *consideration* of a patent owner's promptly-filed motion for a preliminary injunction because of the pendency of Board proceedings. Fed. R. Civ. P. 62(c) explicitly confers authority to *stay* preliminary injunctions pending appeal, and 35 U.S.C. § 325(b) does not diminish that authority.

## I.    Appellants Are Likely To Succeed On The Merits Of Their Appeal.

A court abuses its discretion in granting a preliminary injunction if it makes "a clear error of judgment in weighing the relevant factors or exercised its discretion based on an error of law or clearly erroneous fact finding." *Qingdao Taifa Grp. Co., Ltd. v. United States*, 581 F.3d 1375, 1379 (Fed. Cir. 2009) (internal citation and quotation marks omitted).  To succeed on the merits of this appeal and show that the preliminary injunction should not have issued, Appellants need only show that the district court clearly erred in its finding that Appellants failed to raise a substantial question concerning either infringement or validity of the '066 patent, *i.e.*, that the district court clearly erred in finding that Appellants' infringement and invalidity defenses "lack[] substantial merit." *Amazon.com Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350-51 (Fed. Cir. 2001).  "A substantial question as to invalidity requires *less proof* than the clear and convincing showing necessary to establish invalidity itself at trial." *Entegris, Inc. v. Pall Corp.*, 490 F. 3d 1340, 1351 (Fed. Cir. 2007) (emphasis added; quoting *Amazon.com*, 239 F. 3d at 1350).  Conversely, to survive appeal, Appellees must show that they proved that: (1) they likely will prove at trial that Appellants infringed the '066 patent, and (2) their infringement claim likely will withstand Appellants' challenges to validity.  *Amazon.com*, 239 F. 3d at 1350.  Applying these standards, the court below clearly abused its discretion.

7

**A. The District Court Improperly Shifted The Burden Of Proof.**

The district court improperly shifted the burden of proof on the questions of infringement and validity. On a motion for a preliminary injunction, "the *patentee* carries the burden of showing likelihood of success on the merits with respect to the patent's . . . infringement." *Nutrition 21 v. United States*, 930 F. 2d 867, 869 (Fed. Cir. 1991) (emphasis in original). The same is true with respect to validity. *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1376 (Fed. Cir. 2009).

Here, although there was a full evidentiary hearing, Appellees' "infringement" case consisted solely of a claim chart attached to their brief which parroted the claim language next to photographs of the accused product. (Maldonado Decl., Ex. 2.) Appellees did not discuss the limitations of any claim at the preliminary injunction hearing, and their alleged claim chart was not even offered into evidence at the hearing. (*Id.*, Ex. 20.) The R&R, adopted by the District Court, lacks findings of where each element of the claim is allegedly present in the accused device. Instead, the R&R simply states that *Appellants'* "argument is insufficient to show that [Appellees] are not likely to succeed on their infringement claim." (Maldonado Decl., Ex. 7, at 9.) The district court's shift of the burden of proof on infringement onto Appellants was improper.

Similarly, Appellees presented *no* evidence at the evidentiary hearing as to validity. Yet again, the R&R erroneously states that *Appellants* "have failed to

8

raise a substantial question as to the validity of the '066 Patent." (*Id.*, Ex. 7, at 15.)

The district court's opinion is irreconcilable with this Court's precedent:

> "[O]ur precedents establish that the phrase, ["raises a substantial question"], refers to a conclusion reached by the trial court ***after*** considering the evidence on ***both sides*** of the validity issue. Thus the trial court ***first must weigh the evidence both for and against validity*** that is available at this preliminary stage in the proceedings."

*Titan Tire*, 566 F.3d at 1378-79. (Emphasis added.)  Because Appellees presented no evidence supporting validity, there was no factual basis for the R&R's conclusion.[2]

## B. The Lower Court's Validity Conclusions Are Clearly Erroneous.

Even if the district court had not incorrectly placed the burden of proof on Appellants, Appellants are still likely to succeed on the merits of their appeal. Among other things, the R&R's conclusion that Appellants failed to raise a substantial question as to validity is clearly erroneous.

---

[2] The Court's validity arguments were made *sua sponte* in the R&R, were never offered by Plaintiffs, and are based on blatant misreadings of claim 1. For example, the R&R states that "claim 1 of the '066 Patent provides that the containers are substantially filled with water when the '*water* overcomes the connecting force and causes the containers to detach from the hollow tubes.'" [Maldonado Decl., Ex. 7, at 10 (emphasis added).]  This is incorrect.  Claim 1 recites that it is the "*shaking the hollow tubes . . .* [that] overcomes the connecting force . . . ." (*Id.* at Ex. 18, claim 1.)  The district court also *sua sponte* introduced other issues, such as whether the elastic fastener has to be external (it does not), whether the elastic fastener enables shaking (it does not), and whether the connecting force seals (it does not). (*Id.*, Ex. 7, at 12, 14.)

1.  <u>The Conflict Between The District Court's Preliminary Injunction
    Order And The Board's PGR Decision Establishes A Substantial
    Question As To Validity Of The '066 Patent</u>

First, the R&R's finding with respect to validity cannot be reconciled with the subsequent PGR Decision, which found that all of the claims of the '066 patent are *more likely than not invalid*.  Tellingly, in denying Appellants' motion to stay the preliminary injunction pending appeal, the district court did not identify a single error in the Board's PGR Decision.  (*See generally*, Maldonado Decl., Ex. 15.)  This omission is particularly important because the "more likely than not" standard required by 35 U.S.C. § 324(a) for instituting a post-grant review proceeding is the *same standard* that courts apply in evaluating the likelihood of success of a challenger to a patent.  *See Titan Tire,* 566 F.3d at 1379 (the trial court "must determine whether it is more likely than not that the challenger will be able to prove at trial, by clear and convincing evidence, that the patent is invalid."). In addition, the PGR decision and the Order further are based on the same record: Appellants submitted their PGR submission to the district court in opposing the motion for preliminary injunction, Maldonado Decl., Ex. 6); and Tinnus submitted to the USPTO all of the briefing on the preliminary injunction motion and the Magistrate's R&R.  (*Id.*,Ex. 19).

Thus, the PGR Decision's finding that the '066 patent is more likely than not invalid undermines the district court's contrary conclusion.  The conflict alone is

sufficient to warrant entry of a stay. For example, in *DuPont*, this Court held that a stay of injunction was warranted by almost identical circumstances. There, the district court issued a permanent injunction. 835 F.2d at 278. Granting a stay pending appeal, this Court held that a USPTO's rejection of patent claims as invalid in a reissue proceeding demonstrated that substantial legal questions existed concerning the validity of the patent, and that the alleged infringer was likely to succeed on appeal. *Id.* Similarly, in *Standard Havens Products, Inc. v. Gencor Industries Inc.*, 897 F.2d 511, 514 (Fed. Cir. 1990), this Court stayed an injunction pending appeal where the USPTO ordered reexamination of patent claims that the district court had found valid. This Court held that the conflicting views of patent validity expressed by the district court and the USPTO created "a substantial legal question regarding validity." *Id.* The facts of the present case are meaningfully indistinguishable from those in *Dupont* and *Standard Havens.*

> 2. Even Apart From The PGR Decision, The Lower Court's Validity Conclusions Are Clearly Erroneous.

Even apart from the PGR Decision, the district court's conclusions regarding validity are clearly erroneous. *First,* the district court abused its discretion in finding that the claims are not indefinite under 35 U.S.C. § 112. The R&R, adopted by this Court, concluded that Appellants allegedly did not raise a substantial question of validity for two reasons: (1) the term "substantially" is not *per se* invalid; and (2) "the '066 Patent provides specific parameters regarding

when the containers are 'substantially filled.'  For example, claim 1 of the '066 Patent provides that the containers are substantially filled with water when the 'water overcomes the connecting force and causes the containers to detach from the hollow tubes.'" (Maldonado Decl., Ex. 7, at 10.)  The lower court is clearly wrong on both counts. First, the district court ignored Appellants' argument that the term "substantially filled" is indefinite because a person of ordinary skill would not know when a container is "filled," let alone "substantially filled." (*Id.*, Ex. 4 at 10; Ex. 7, at 10.)  Second, as discussed above, the district court incorrectly read claim 1 as reciting that water overcomes the connecting force, when it is actually the shaking that accomplishes that. (*Id.*, Ex. 18, claim 1.)  But in any event, because the value of the "connecting force" is not specified, the amount of water required to overcome that force is also unknown.  Thus, the district court clearly erred in finding that the phrase "substantially filled" is not indefinite.  This error is confirmed by the PGR Decision's contrary conclusion. (*Id.*, Ex. 12.)

*Second*, the district court's finding that Appellants failed to raise a substantial question as to validity under 35 U.S.C. § 103 is also clearly erroneous. In opposing the preliminary injunction motion, Appellants offered compelling evidence and argument that claims 1-4, 8, and 11-14 of the '066 Patent are invalid under 35 U.S.C. § 103, as obvious in light of Cooper, Saggio, and Lee. (*Id.*, Ex. 6 at 54-62.)  Contrary to the R&R, Appellants explained why it was obvious to

combine the Cooper, Saggio and Lee references: "while Lee teaches a system for use in treating obesity, Lee is analogous art to Saggio because both Saggio and Lee teach mechanisms for automatically sealing a balloon when a balloon is filled with fluid and detached from a hollow tube." (*Id.,* at 57.)

Appellants' arguments and evidence in the district court additionally set forth why this combination of references teaches each limitation of independent claim 1. As to the limitation, "each elastic fastener [is] configured to provide a connecting force that is not less than a weight of one of the containers when substantially filled with water," Appellants explained that this is a functional limitation that does not impart patentability to what is an apparatus claim. (*Id.* at pp. 57-58.) Nevertheless, the R&R concluded that the combination did not render the claims obvious, finding that (1) it is not clear that the rubber band disclosed by Lee provides the claimed connecting force; and (2) Lee is not analogous art to Cooper and Saggio. (*Id.*, Ex. 7, at 13-14.)

The court is clearly wrong, and failed to address Appellant's functionality argument referenced above. The district court should have assessed whether the combination of Cooper, Saggio and Lee discloses the claimed *structure*, not whether Lee's rubber band performed the claimed *function*. *See In re Schreiber*, 128 F.3d 1473, 1477-78 (Fed. Cir. 1997) ("It is well settled that the recitation of a

new intended use for an old product does not make a claim to that old product patentable.").

Further, in concluding that Lee is not analogous art, the district court simply stated that the three references are not in the same field of endeavor. (Maldonado Decl., Ex. 7, at 14.) But this is not the correct inquiry. Specifically, the lower court failed to consider "(1) whether the art is from the same field of endeavor, regardless of the problem addressed, and (2) if the reference is not within the field of the inventor's endeavor, whether the reference still is reasonably pertinent to the particular problem with which the inventor is involved." *Scientific Plastic Products, Inc. v. Biotage AB*, 766 F.3d 1355, 1359 (Fed. Cir. 2014) (quoting *In re Clay*, 966 F.2d 656, 658–59 (Fed.Cir.1992). Had it made the proper inquiry, the R&R would have concluded that Lee is reasonably pertinent to the particular problem being solved—a mechanism for automatically sealing a balloon.

In denying Appellants' motion to stay the preliminary injunction pending appeal, the district court states that its validity findings were based on "evidence presented at the hearing" and "evidence of secondary considerations of non-obviousness." (Maldonado Decl., Ex. 15, at 5.) Tellingly, the district court does not identify this additional evidence. This omission is particularly significant in light of Appellants' argument that no evidence of validity was presented at the hearing (which Appellees did not refute), and that no evidence of secondary

considerations was presented. (*Id.*) Even assuming for the sake of argument that Appellees did present evidence of secondary considerations, that evidence is irrelevant to the Board's conclusion that all claims are invalid as indefinite under 35 U.S.C. § 112. The lower court's clearly erroneous conclusions regarding validity mean that Appellants are likely to succeed on the merits of their appeal.

## II.    Equitable Considerations Weigh In Favor Of A Stay Pending Appeal.

Because Appellants have shown a substantial likelihood of success on appeal, the Court need not consider the balance of equities. *Allergan*, 1997 WL 377983, *1 (Fed. Cir. Feb 7, 1997). But even so, that factor weighs in favor of a stay. *Standard Havens*, 897 F.2d at 512-13; *DuPont*, 835 F.2d at 278.

### A. Telebrands Has Suffered And Will Continue To Suffer Irreparable Harm As A Result Of The Order.

Since filing their motion for a preliminary injunction, Appellees have aggressively and deliberately misused the Order in the marketplace, as a commercial hammer to intimidate and harass Telebrands' customers.

On January 25, 2016, five weeks after they filed patent infringement claims against Telebrands' new Battle Balloons products, Appellees moved for contempt, alleging that are colorable imitations that violate the Order. Appellees did so, even though the new Battle Balloon products do not infringe. (Maldonado Decl., Ex. 13.) Appellees are using the preliminary injunction as a sword to interfere with Telebrands' sales of non-infringing products for the 2016 season. In the absence

15

of a stay, Telebrands' customers will believe Appellees' meritless allegations and decline to buy or cancel orders for the new product.  (Iyer Decl., ¶ 18.)  This has irreparably harmed Telebrands.

Appellees' contempt motion is a transparent attempt to leverage a preliminary injunction that should never have issued into a bar against a new, completely re-designed product that does not infringe.  Appellees' weapon is a particularly formidable one because, if it succeeds in getting the district court to issue the contempt finding, that order may not immediately appealable to this court.  *See Entegris, Inc. v. Pall Corp.*, 490 F.3d 1340, 1344-45 (Fed. Cir. 2007) (a court order that merely clarifies or interprets an injunction is not an appealable interlocutory order under 28 U.S.C. § 1292(c)).  In short, a contempt finding has the potential to render Telebrands' investment in the new Battle Balloons products worthless.

Appellants' Battle Balloons products cannot possibly infringe the '066 patent, *regardless of the patent's validity*.  The Battle Balloons products' new stepped, helical housing does not meet at least the following element of claim 1: "*a plurality of holes extending through a common face* of the housing at a second end." (Maldonado Decl., Ex. 16, at ¶¶ 39-49 (emphasis added).)

Although Appellees now argue that the term "common face" means a "shared outer surface of the housing," this construction is contrary to the plain and

16

ordinary meaning of "face" and the prosecution history of the '066 patent. (*Id.* at Ex. 13, p. 11.)   Indeed, under Appellees' proposed construction, claim 1 of the '066 patent does not distinguish over prior art of record and the patent would never have issued.  (*Id.* Ex. 16, ¶¶ 27-29.)  During prosecution, in response to a prior art rejection, the Applicant narrowed the original claim language by inserting the limitation "common face."   (*Id.*)   The Examiner's Reasons for Allowance confirm that USPTO would not have allowed the application without this amendment. (*Id.* at ¶¶ 27-29.) This prosecution history confirms that Appellees' construction is incorrect.

Because the Battle Balloons products do not include each and every limitation of claim 1, there can be no literal infringement of claim 1 or any of the other claims, which are dependent claims. *See, e.g.*, *MicroStrategy Inc. v. Bus. Objects*, *S.A.*, 429 F.3d 1344, 1352-53 (Fed. Cir. 2005);  *Yoon Ja Kim v. ConAgra Foods, Inc*., 465 F.3d 1312, 1316, n.1 (Fed. Cir. 2006). And the doctrine of equivalents is foreclosed because the key claim language was amended during prosecution.  *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 535 U.S. 722, 733-34 (2002).

Thus, even though Telebrands discontinued all sales of the accused product before the preliminary injunction issued, Telebrands has suffered and continues to suffer irreparable harm as a result of the improperly issued preliminary injunction.

*See Douglas Dynamics, LLC v. Buyers Products Co.*, 717 F.3d 1336, 1344 (Fed. Cir. 2013) ("Irreparable injury encompasses different types of losses that are often difficult to quantify, including lost sales and erosion in reputation and brand distinction."); *EZ Gard Indus., Inc. v. XO Athletic Co.,* 2008 WL 1827490, at *4 (D. Minn. Apr. 23, 2008) *aff'd*, 302 F. App'x 920 (Fed. Cir. 2008) (citations omitted) (Lost sales cannot be remedied by dollar damages alone, as "[t]hey are likely to have an irreparable effect on plaintiff's pricing structure and market share.").

Moreover, the combination of the Order, the pending contempt motion based on the Order, and Appellees' misuse of the Order subjects Telebrands to substantial risk of additional, *future* irreparable harm. The Battle Balloons products are seasonal products for spring and summer. To get its products on the shelves in time for the vast majority of 2016 sales, Telebrands must be able to sell its product now, accept orders from customers and schedule delivery. (Iyer Decl. ¶19.) If Telebrands cannot finalize its contracts now, it will be shut out of the market for the entire year, causing not only significant financial losses, but also irreparably damaging Telebrands' reputation and goodwill with manufacturers, suppliers and customers. (*Id.*)

Appellees also have engaged in an email campaign directed to Telebrands' customers to intimidate and/or deter them from purchasing the new Battle Balloons

18

products from Telebrands. For example, just one day after the district court granted the preliminary injunction motion, but before it entered the Order, Zuru sent letters to Telebrands' customers informing them about the preliminary injunction and asserting that Telebrands *new* Battle Balloons products were within the scope of the Order (*id.*, ¶ 17, Ex. 2), despite the absence of any court ruling to that effect.

Zuru also has erroneously told several Telebrands customers – who are not parties to this action and had no previous knowledge of the Order – that they could be sanctioned for selling Telebrands merchandise. For example, Appellees have harassed Telebrands' customer, Walgreens, falsely representing in repeated telephone calls and emails from multiple attorneys that the Order required them to remove all Balloon Bonanza products from its shelves. (*Id.* ¶ 15.) Zuru also told Telebrands' customer, Wal-Mart, that its sales of Balloon Bonanza would violate the Order, even though Wal-Mart purchased its Balloon Bonanza products long before entry of the Order. (*Id.*, ¶ 16.) Wal-Mart since has informed Telebrands that it will be returning its remaining inventory of Balloons Bonanza worth more than $700,000 for a refund. (*Id.*)

All of these actions by Appellee's combined demonstrate substantial irreparable harm that Telebrands will suffer is a stay is not granted.

19

**B.    Appellees Will Suffer No Injury If The Order Is Stayed.**

By contrast, if the motion to stay is granted, Appellees will suffer no injury. Telebrands no longer markets or sells the Balloon Bonanza product and stopped manufacturing and distributing this product prior to entry of the Order.  As discussed above, some Telebrands' customers may have inventory to sell off, but even with the Order in place, these customers have been and will remain free to sell the product that they purchased.  In either event, Zuru cannot plausibly claim that it will suffer injury.

**C. The Public Interest Supports Entry Of The Stay.**

Finally, the public interest warrants the grant of a stay.  The larger public interest favors supporting fair competition and preventing Appellees from using the Order to interfere with Appellants' legitimate business operations.  As the USPTO has found, Appellees' patent is more likely than not invalid, and the Court's preliminary injunction will not therefore further the inherent purpose of patent law in fostering innovation.

## CONCLUSION

For all the reasons set forth above, Appellants respectfully request that their motion to stay the preliminary injunction be granted in all respects.

Dated:  February 8, 2016

*/s/ Robert T. Maldonado*
Robert T. Maldonado
Elana B. Araj
**COOPER & DUNHAM LLP**
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 278-0506
Facsimile: (212) 391-0525
rmaldonado@cooperdunham.com
earaj@copperdunham.com

*Attorneys for Appellants Telebrands*
*Corp. and Bed Bath & Beyond Inc.*

David Boies
**BOIES, SCHILLER & FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300
dboies@bsfllp.com

D. Michael Underhill
Richard S. Meyer
5301 Wisconsin Avenue, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
munderhill@bsfllp.com
rmeyer@bsfllp.com

*Attorneys for Appellant Telebrands Corp.*

## STATEMENT OF OPPOSITION

Pursuant to Fed. Cir. R. 27(a)(5), counsel for Appellants conferred with counsel for Appellees on February 8, 2016.  Appellees object to this motion and intend to file a response.

*/s/ Robert T. Maldonado*
Robert T. Maldonado

## CERTIFICATE OF INTEREST FOR TELEBRANDS CORP.

Counsel for petitioner Telebrands Corp. certifies the following:

1. The full name of every party represented by me is: TELEBRANDS

CORP.

2. The name of the real party in interest represented by me is:

TELEBRANDS CORP.

3. All parent corporations and any publicly held companies that own 10

percent or more of the stock in the party represented by me are: NONE.

4. The names of all law firms and partners or associates that appeared for the

party represented by me in the trial court or agency or are expected to appear in

this court (and who have not or will not enter an appearance in this case) are:

**BOIES, SCHILLER & FLEXNER LLP**
David Boies
D. Michael Underhill
Richard S. Meyer
Amy L. Neuhardt
Stacey Grigsby
Kate Ferguson

**COOPER & DUNHAM LLP**
Robert T. Maldonado
Elana Araj

**LANCE LEE ATTORNEY AT LAW**
W. Lance Lee

**LOVE LAW FIRM**
Greg Love

23

Dated: February 8 , 2016                    */s/ D. Michael Underhill*
                                            D. Michael Underhill

**CERTIFICATE OF INTEREST FOR BED BATH & BEYOND INC.**

Counsel for petitioner Bed Bath & Beyond Inc. certifies the following:

1. The full name of every party represented by me is: BED BATH & BEYOND INC.

2. The name of the real party in interest represented by me is: BED BATH & BEYOND INC.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock in the party represented by me are: NONE.

4. The names of all law firms and partners or associates that appeared for the party represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:

      **COOPER & DUNHAM LLP**
      Robert T. Maldonado
      Elana Araj

      **LANCE LEE ATTORNEY AT LAW**
      W. Lance Lee

Dated: February 8, 2016        */s/ Robert T. Maldonado*
                               Robert T. Maldonado

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 8, 2016  I electronically filed a copy of this

APPELLANT TELEBRANDS' EMERGENCY MOTION FOR STAY OF

PRELIMINARY INJUNCTION PENDING APPEAL PURSUANT TO FED. CIR.

RULE 8 with the Clerk of the Court using the Court's Case

Management/Electronic Case Filing ("CM/EMF") System, which will send a

notification of electronic filing (NEF) to all counsel of record who are registered

CM/EMF users, including counsel of record for the Petitioners.

Dated:  February 8, 2016          /s/ Stacey K. Grigsby
                                 Stacey K .Grigsby